

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KALANDRA EVANS and
JOYCE EVANS SINGLETON

CIVIL ACTION

VERSUS

NO. 08-509-JVP-DLD

SHERIFF SID GAUTREAUX,
EAST BATON ROUGE PARISH
SHERIFF'S OFFICE, DEPUTIES
DEVIN JARREAU, JOHN KNAPP,
JARRED NEYLAND, DOUGLAS
THOMAS, M. HALL, and XYZ
INSURANCE COMPANY

## RULING ON MOTION TO DISMISS

This matter is before the court on a motion by defendants, Sheriff Sid
Gautreaux, Devin Jarreau, John M. Knapp, Douglas Thomas, Jarred Neyland, and
Malcolm Hall, to dismiss for failure to state a claim upon which relief can be granted
(doc. 16).  No opposition has been filed.  Jurisdiction is based on 28 U.S.C. § 1331.
There is no need for oral argument and the matter is now submitted.

In determining whether plaintiffs have stated a claim sufficient to avoid
dismissal under Rule 12(b)(6), the well-pleaded facts alleged in their petition are
accepted as true and the allegations are construed in the light most favorable to
them.  *Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230
(5th Cir. 2007); *Milofsky v. American Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005)
*cert. denied*, 543 U.S. 1022, 125 S.Ct. 672, 160 L.Ed.2d 498 (2004).  The court does
not look beyond the face of the pleadings when determining whether a plaintiff has

stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).[1]  Nevertheless, the court does "not accept as true conclusory allegations, unwarranted factual inferences or legal conclusions."  *Central Laborer's Pension Fund v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007).  A complaint warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)(emphasis in original).

The petition alleges that, on August 1, 2007, deputies of the East Baton Rouge Parish Sheriff's Office—Devin Jarreau, John M. Knapp, Jarred Neyland, Douglas Thomas, and Malcolm Hall—were seeking a black male for questioning and believed that he resided at 6534 Garland Avenue in Baton Rouge.  On that same evening, plaintiff, Kalandra Evans, was home alone in the residence that she shares with her mother, Joyce Singleton Evans, at 6532 Garland Avenue in Baton Rouge.  According to the petition, the sheriff's deputies, acting under color of state law and

---

[1]Though defendants have submitted police reports and depositions which would be appropriate in a motion for summary judgment, the current motion does not meet the procedural requirements of a motion for summary judgment.  *See* Uniform Local Rule 56.1 (providing that "[e]very motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried").  Moreover, the admission of such evidence into the record does not convert the motion to dismiss into a motion for summary judgment.  *See e.g., Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005) (stating that "[e]ven though a court permits affidavits and other evidence to be entered into the record, as long as the court does not base its judgment on matters outside of the pleading, it may grant a dismissal pursuant to Rule 12(b)(6)").  Accordingly, the evidence submitted by defendants plays no part in this ruling, though it may eventually be considered by the court in a subsequent motion for summary judgment.

2

with the knowing and intentional approval of Sheriff Sid Gautreaux, encircled plaintiffs' residence, placed their hands on their weapons and, without identifying themselves or the reason for their presence, ordered Kalandra Evans to open the door of her home.  (Petition, ¶¶ 6-19, 38).

The petition further alleges that, upon complying with the order, Kalandra Evans was ordered out of the house and was restrained and questioned while the deputies conducted a warrantless search of her residence without her consent. According to the petition, the deputies were aware that they were at 6532 Garland Avenue instead of 6534 Garland Avenue.[2]  (Petition ¶¶ 20-33, 37).

Accepting the well-pleaded facts alleged in the petition as true and construing the allegations in the light most favorable to plaintiffs, the court concludes that plaintiffs have alleged facts sufficient to state a claim under 42 U.S.C. § 1983 for alleged violations of their rights to be secure against unreasonable searches and seizures under the Fourth Amendment of the United States Constitution.  The court also concludes that plaintiffs have alleged facts sufficient to state a claim grounded on alleged violations of their rights to be secure against unreasonable searches, seizures, or invasions of privacy under Article I, Section 5 of the Louisiana Constitution of 1974.

------

[2]The petition also alleges that "[n]o physical address '6534 Garland Avenue' exists." (Petition, ¶ 10).

3

To the extent the petition may be construed as attempting to state claims other than those established under the Fourth Amendment of the United States Constitution and under Article 1, Section 5 of the Louisiana Constitution, the claims are based upon conclusory allegations, unwarranted factual inferences, or legal conclusions and are, therefore, subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

Accordingly, the motion by defendants, Sheriff Sid Gautreaux, Devin Jarreau, John M. Knapp, Douglas Thomas, Jarred Neyland, and Malcolm Hall, to dismiss for failure to state a claim (doc. 16), is hereby **DENIED** insofar as it seeks dismissal of claims grounded in alleged violations of plaintiffs' rights to be secure against unreasonable searches and seizures under the Fourth Amendment of the United States Constitution and under Article I, Section 5 of the Louisiana Constitution. The motion is hereby **GRANTED** in all other respects.

Baton Rouge, Louisiana, October, 16, 2009.


JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

4